IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES WILSON AND<br>LAURA WILSON,<br>    Plaintiffs<br><br>v.<br><br><br>RYCOLINE PRODUCTS, et al.<br>    Defendants | §<br>§<br>§<br>§<br>§  CASE NO. 2:06-CV-286<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ashland Inc.'s ("Ashland") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Southern District of Texas (Docket No. 6). Having considered the parties' written submissions, the Court **DENIES** the motion for the reasons set forth below.

## BACKGROUND

This is a negligence and product liability case arising from Plaintiff Charles Wilson's alleged exposure to benzene and benzene-containing products at work, causing him to develop Myelodyplastic Syndrome. Plaintiffs reside in Frankston, Texas, where Wilson also worked as a pressman.

On July 13, 2006, Plaintiffs filed suit in the Eastern District of Texas, which encompasses Frankston, Texas. On August 7, 2006, Ashland filed a motion to transfer to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

## APPLICABLE LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under § 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance

is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen AG*, 371 F.3d at 204. The movant bears the burden of proof in demonstrating that transfer is warranted. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (Folsom, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

## ANALYSIS

<u>Venue in the Proposed Transferee District</u>

Ashland has not shown that Plaintiffs could have brought this suit in the Southern District of Texas. Even assuming, *arguendo*, that venue is proper in the Southern District of Texas, there is no basis for transfer pursuant to 28 U.S.C. § 1404(a).

<u>Private Factors</u>

First, Ashland's conclusory argument that it would be easier to access sources of proof from Houston is unpersuasive. The ease of access to proof is a neutral factor in this case. Ashland acknowledges that sources of proof are likely scattered across many corporate offices; such documents can be shipped to Marshall as easily as to Houston.

Second, the convenience of parties and witnesses weighs against transfer. Plaintiffs will travel approximately 88 miles from Frankston to Marshall, while Houston is over 190 miles from their home. Ashland claims that Houston is more convenient for "the vast majority" of Defendants, but has not put forth any facts to support this. More importantly, Ashland has not established that Houston is more convenient for likely witnesses. Witnesses to the alleged chemical product exposure likely reside in Frankston, which again is much closer to Marshall than to Houston. Nor

3

has Ashland shown that likely witnesses are beyond this Court's subpoena power but within the subpoena power of the Houston courts. Finally, Ashland has not demonstrated that trying this case in Houston would be easier, less expensive, and more expeditious in Houston than in Marshall. Thus, the private factors do not favor transfer.

Public Factors

The public factors also do not favor transfer. Ashland has not put forth any facts suggesting that the case could be handled more efficiently in the Houston Division. The second public factor weighs against transfer because the residents of the Eastern District of Texas have a strong interest in resolving this case. Ashland states that Marshall, in the Eastern District of Texas, has "no connection to the events giving rise to the claim." On the contrary, Plaintiffs reside in the Eastern District of Texas, which is also where the alleged exposure occurred. Furthermore, Ashland puts forth no facts to suggest that there is any local interest in deciding the issues in Houston. The third and fourth public factors do not affect the analysis in this case because both courts are in Texas.

## CONCLUSION

Having concluded that neither the private nor the public factors favor transfer, the Court **DENIES** Ashland's motion to transfer.

**So ORDERED and SIGNED this 22nd day of September, 2006.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**